FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAVAJO NATION, *Plaintiff-Appellant*, v. U.S. DEPARTMENT OF THE INTERIOR; RYAN ZINKE, in his official capacity as Secretary of the USDOI; NATIONAL PARK SERVICE; DAN SMITH, in his official capacity as Deputy Director of the National Park Service; TOM O. CLARK, in his official capacity as Park Superintendent, Canyon de Chelly National Monument, *Defendants-Appellees*. | No. 13-15710 D.C. No. 3:11-cv-08205-PGR ORDER |

Filed November 6, 2018

Before: Mary M. Schroeder, Sandra S. Ikuta,
and Morgan Christen, Circuit Judges.

Order;
Dissent by Judge Ikuta

## SUMMARY[*]

### Native American Graves Protection and Repatriation Act

The court granted the parties' motion for stipulated dismissal, and declined a request to vacate the opinion published in this matter on April 6, 2016. *See Navajo Nation v. U.S. Dep't of Interior*, 819 F.3d 1084 (9th Cir. 2016).

After the opinion was published, a judge called sua sponte for a vote to rehear the case en banc. On the same day that the parties filed their responses, the Hopi Tribe filed an amicus brief arguing that it was a necessary and indispensable party. The panel directed the district court to address the Hopi Tribe's argument on remand, and en banc proceedings were suspended.

The parties and the Hopi Tribe filed a stipulated dismissal indicating that they had resolved all claims.

The panel noted that because the parties had resolved their dispute, there was no active case or controversy. Pursuant to the holding in *United States v. Payton*, 593 F.3d 881 (9th Cir. 2010), the panel held that vacatur was inappropriate. The panel's opinion was published two and a half years ago and the parties' controversy became moot as a result of their voluntary settlement. The panel held that an outstanding en banc call does not justify "erasing a decision

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that the panel issued when the controversy was still live, and that the parties . . . are content to let stand." *Id*. at 886.

Judge Ikuta dissented. She wrote that the majority holding in the published opinion – that an email from a government lawyer confirming that an agency would continue to implement a government program constituted a final action – was contrary to Supreme Court precedent. Because this matter is now moot and the opinion can no longer be corrected through the court's en banc process, the panel should vacate the opinion.

## ORDER

This order addresses a procedural issue that arose after our court published an opinion in this matter on April 6, 2016. *See Navajo Nation v. U.S. Dep't of Interior*, 819 F.3d 1084 (9th Cir. 2016). After the opinion was published, a judge of this court called sua sponte for a vote to rehear the case en banc, and our panel ordered the parties to file responsive briefs. Neither of the parties' responses argued that the case met the standard for en banc review under Federal Rule of Appellate Procedure 35, but the federal defendants requested panel rehearing and asked that the majority adopt the dissent's reasoning.

On the same day the parties filed their responses, the Hopi Tribe filed an amicus brief arguing that it is both a sovereign and a necessary and indispensable party to the Navajo Nation's dispute with the defendants. The panel directed the district court to address the Hopi Tribe's argument on remand, and en banc proceedings were suspended.

Recently, the parties filed a notice of stipulated dismissal indicating that the Navajo Nation, the federal defendants, and the proposed intervenor Hopi Tribe had resolved all claims and filed a stipulated dismissal in the district court. A similar notice was filed in our court, and our Clerk's Office treated it as a motion to dismiss. The parties do not request vacatur, but one member of the original three judge panel requested that the opinion published April 6, 2016 be vacated. We decline to vacate the opinion.

In *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), the Supreme Court held that "mootness by reason of settlement does not justify vacatur of a judgment under review" absent "exceptional circumstances." *Id.* "Where mootness results from settlement . . . the losing party has voluntarily forfeited [its] legal remedy by the ordinary processes of appeal or certiorari" and the court's judgment is therefore "simply unreviewable by [its] own choice." *Id.* at 25. *Bonner* also observed, "[i]t seems to us inappropriate, however, to vacate mooted cases, in which we have no constitutional power to decide the merits, on the basis of assumptions about the merits." *Id*. at 27. Because the parties to the present action have resolved their dispute, we also lack an active case or controversy.

In *United States v. Payton*, a panel from our court addressed whether its opinion should be vacated because the dispute in *Payton* became moot while a sua sponte en banc call was outstanding. *See* 593 F.3d 881 (9th Cir. 2010); *cf. Animal Legal Def. Fund v. Veneman*, 490 F.3d 725, 726–27 (9th Cir. 2007) (en banc) (Bybee, J., concurring) (vacating a panel opinion in light of the parties' settlement—which was contingent on vacatur—after a majority of the court voted to

take the case en banc and after the court ordered that the three-judge decision not be cited as precedent). In *Payton*, the judge who called the case requested vacatur. The panel reasoned that vacatur was inappropriate, in part because: (1) the case was a live controversy when the panel decided it; (2) the case became moot when the losing party (the government) voluntarily dismissed the indictment; and (3) the government was not deprived of an opportunity to contest the opinion. *Payton*, 593 F.3d at 885–86.

It has been two and a half years since our opinion was published in this matter and the parties' controversy became moot as a result of their voluntary settlement. Cases can settle at anytime, and they frequently settle after they are remanded to the district court. We agree with the *Payton* panel that an outstanding en banc call does not justify "erasing a decision that the panel issued when the controversy was still live, and that the parties . . . are content to let stand." *Id.* at 886.

Accordingly, the motion to dismiss is **GRANTED**, and the request to vacate the April 6, 2016 opinion is declined.

The mandate shall issue forthwith.

---

IKUTA, Circuit Judge, dissenting:

In the published opinion, *Navajo Nation v. U.S. Dep't of Interior*, 819 F.3d 1084 (9th Cir. 2016), the majority held that an email from a government lawyer confirming that an agency could continue to implement a government program constitutes a final agency action. *Id.* at 1093. This

conclusion is directly contrary to both Supreme Court precedent, *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997), and common sense. In light of this obvious error, a judge on this court called for a vote to rehear this issue en banc. Because this matter is now moot and the opinion can no longer be corrected through this court's en banc process, the panel should vacate the opinion. I dissent from its failure to do so.